THEODORE E. WILSON, PROSECUTOR, v. THE BOROUGH OF SEA GIRT, NEW JERSEY, AND FRED W. COLLIER, RECORDER OF THE SAID BOROUGH OF SEA GIRT, NEW JERSEY, RESPONDENTS.

Argued May 3, 1927—Decided November 11, 1927.

Certiorari—Municipalities—Ordinances—Certiorari to Determine Validity of an Ordinance Requiring a License as a Condition Precedent to the Carrying on of a Certain Business, is Valid —Record Shows No Conviction for Violation—Held, Validity of an Ordinance Affecting the General Public Cannot be Challenged by Certiorari Unless the Prosecutor Shows Some Injury Peculiar to Himself.

On application for a writ of *certiorari*.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *Halsted H. Wainright*.

For the respondents, *Durand, Ivins & Carton*.

PER CURIAM.

This is an application for a writ of *certiorari*. The record as presented to us contains a copy of a summons commanding Theodore E. Wilson to appear before the recorder of the borough of Sea Girt, on March 14th, 1927, at ten A. M., in the Municipal Building court room, in an action instituted upon the complaint of John B. Cornelius for the violation of section 1 of an ordinance of the borough of Sea Girt. The ordinance referred to is an ordinance fixing license fees for

mercantile and other businesses. A copy of the complaint follows. It alleges that from March 16th, 1926, and during the remainder of the year of 1926, Theodore E. Wilson conducted the business of contractor, jobber and builder, furnishing labor and material within the limits of the borough of Sea Girt, &c., without having first obtained a license therefor, in violation of section 1 of the ordinance. The complaint then sets forth the entire section 1. Under paragraph 6 of subdivison C, there appears the following: "Contractors, jobbers and builders, furnishing labor and materials, a license fee each of $50." The complaint was sworn to before the recorder. This concludes the record.

The writ is sought for the purpose of testing the validity of the ordinance, the prosecutor contending that under the statute the borough has no power to impose a license fee upon one engaged in his business, and the ordinance is faulty in that it does not declare that the license fees sought to be imposed are for the purpose of revenue.

The record shows no conviction of the prosecutor. The case of *Unger* v. *Fanwood,* 69 *N. J. L.* 548, holds that the validity of an ordinance affecting the general public cannot be challenged by *certiorari* unless the prosecutor shows some injury peculiar to himself. Mr. Justice Van Syckel, who wrote the opinion in this case, said: "It is the established rule that a right of action does not exist in favor of one who is only damnified as one of the public in common with his fellow-citizens."

In *Hamblet* v. *Asbury Park,* 61 *N. J. L.* 502, Mr. Justice Garrison, in delivering the opinion of this court, said: "A conviction alone can furnish evidence that the ordinance affects the prosecutor."

In *Powell* v. *Cape May,* 5 *N. J. Mis. R.* 113, it was held that where there was no judgment in a prosecution for violating a city ordinance prohibiting peddling of farm produce without a license there was nothing for review in the record and the *certiorari* to review the conviction would be dismissed.

For these reasons we have reached the conclusion that the writ should be denied, with costs. In the statement of points

of the prosecutor annexed to the record appears the words "upon the argument of the rule to show cause issued in this matter the prosecutor will rely upon the following points." No rule to show cause is contained in the record. If a rule was allowed the same will be discharged with costs to the respondents.